UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-24476-CIV-ALTONAGA/SIMONTON

ROBERTO LOPEZ HURTADO, EDDY,
GOMEZ, JESUS BLANCO and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiffs,

v.

RALY DEVELOPMENT, INC., GENERAL
RECYCLING LLC, BRAVO COMPANIES
INC. f/k/a BRAVO SUPERMARKET,
INC., VIDAL SURIEL, EMANUEL
SURIEL, DANILO CRUZ, and ISRAEL
VIERA,

    Defendants.
_____/

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR IMPOSITION OF LIQUIDATED DAMAGES

Defendants Bravo Companies, Inc. ("Bravo"), and Vidal Suriel ("Suriel") (collectively Bravo and Suriel are referred to herein as the "Bravo Defendants"), pursuant to Local Rule 7.1(c) and this Court's Order dated December 27, 2012 [DE 166], hereby file their supplemental memorandum of law in opposition to Plaintiffs Roberto Lopez Hurtado, Eddy Gomez and Jesus Blanco's Motion for Imposition of Liquidated Damages [DE 159] and state:

**The Bravo Defendants acted in good faith despite seeking the advice of legal counsel with respect to any obligations under the FLSA.**

The Bravo Defendants have presented sufficient evidence to demonstrate that they acted in good faith and with reasonable grounds to believe that they were complying with the pay practices of the FLSA. Upon such a showing, this Court has the discretion to deny an award of

1

liquidated damages to the Plaintiffs.  *See Sanders v. Drainfield Doctor, Inc.*, 2008 U.S. Dist. LEXIS 59995 (M.D. Fla. 2008).  Throughout the trial the Court heard testimony supporting Defendant's position that they acted in good faith as Suriel had a lifetime of business experience in managing companies, paying employees (individually and by way of payroll companies), reviewing wage claims, and otherwise complying with applicable laws.  Defendant Suriel further testified that he always paid the invoices submitted by the co-defendants without argument and had never been subject to an action for unpaid wages prior to the instant action.  Though the Bravo Defendants did not seek the advice of legal counsel to structure their relationship with the co-defendants, they were under no obligation to do so in order for this Court to find that they acted in good faith.  *See Sanders, generally*. (finding that good faith existed although Defendants did not consult an attorney to determine if their actions violated the FLSA).

Any finding of negligence on the Defendants' part is also insufficient to prove their willfulness to violate the FLSA.  *See Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306 (11th Cir. 2007).  Assuming that Defendants were aware that they were subject to the FLSA, their knowledge would not have amounted to a lack of good faith in complying with the FLSA.  *See Ojeda-Sanchez v. Bland Farms*, LLC, 2012 U.S. App. LEXIS 24586 (11th Cir. 2012) (finding that prior actions against the defendants' for violations of the FLSA do not demonstrate that the defendants acted willfully in the current action).  The Bravo Defendants relied on their numerous years of business experience and their payroll company and had no duty to confer with legal counsel for this Court to find that they acted in good faith and did not willfully violate the FLSA.  *See Ojeda-Sanchez*, at *17 (holding that reliance on payroll clerk and careful correction of payroll

2

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

records precluded a determination that defendant acted in reckless disregard of its obligations under the FLSA).

Accordingly, this Court should find that Defendants acted in good faith and based on their business experience had no absolute duty to confer with legal counsel as to their obligations under the FLSA.

Respectfully submitted,

_/s/ Miguel Armenteros_____
J. Ronald Denman (863475)
jrdenman@pbyalaw.com
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2013, I filed the foregoing document with the Clerk of the Court via CM/ECF and/or U.S. Mail. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

3

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

                     _/s/ Miguel Armenteros_
                     Counsel of Record

**Service List**

Jamie H. Zidell
zabogado@aol.com
300 71st Street
Suite 605
Miami Beach, FL  33141
Telephone:  305-865-6766
Facsimile:   305-865-7167
Attorneys for Plaintiffs
Served via CM/ECF

Danilo Cruz
1718 NW 204th Avenue
Miami Gardens, FL  33156

Israel Viera
8802 NW 114th Terrace
Hialeah, FL  33018

Israel Viera
8802 NW 114th Terrace
Hialeah, FL  33018

Raly Development, Inc.
8802 NW 114th Terrace
Hialeah, FL  33018

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086