UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24476-CIV-ALTONAGA/Simonton

**ROBERTO LOPEZ HURTADO**,
*et al.*,

    Plaintiffs,
v.

**RALY DEVELOPMENT, INC.**,
*et al.*,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Imposition of Liquidated Damages [ECF No. 159], filed December 6, 2012. The Court has carefully considered the parties' written submissions, the trial record, the oral arguments made at the hearing of December 27, 2012, and applicable law.

At issue in this Fair Labor Standards Act ("FLSA") case is Plaintiffs' request for the imposition of liquidated damages against Defendants, Bravo Companies, Inc. ("Bravo") and its president Vidal Suriel ("Suriel"),[1] pursuant to 29 U.S.C. section 216(b), in amounts equal to the verdicts rendered against these Defendants. "Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Under 29 U.S.C. section 260, to avoid the imposition of liquidated damages, an employer must show that the failure to pay overtime wages was done in good faith and the employer had a reasonable basis for believing

---

[1] The remaining Defendants who did not prevail at trial, Raly Development, Inc.; General Recycling LLC; Danilo Cruz; and Israel Viera, have not objected to Plaintiffs' request for the imposition of liquidated damages. Defendant Emanuel Suriel prevailed at trial.

that its failure to pay overtime wages was not in violation of the FLSA. *See also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352–53 (5th Cir. 1980))). To satisfy the good faith requirement of this safe harbor provision of the FLSA, the employer must show that it acted with subjective and objective good faith. *Rodriguez*, 518 F.3d at 1272.

"'To satisfy the subjective 'good faith' component, the [employer has the burden of proving] that [it] had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.'" *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (quoting *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987) (alterations in original)). Objective good faith is satisfied "if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws." *Arias v. Alpine Towing, Inc.*, No. 10-20434-Civ, 2011 WL 1233229, at *2 (S.D. Fla. Mar. 30, 2011) (citation omitted).

At the December 27 hearing, the Court remarked that Defendants appeared to have satisfied the safe harbor provision, but invited additional briefing from the parties concerning the issue. The Court has carefully reviewed the additional authorities cited in those supplemental memoranda (*see* [ECF Nos. 170, 172]) and now concludes that Defendants have not met their burden. The evidence presented by Defendants shows Suriel had a lifetime of business experience managing other companies, paying employees through contracted payroll companies, and reviewing wage claims. Suriel always paid the invoices submitted by his Co-Defendants for

wages paid to the Plaintiffs, and had never been subject to an action for unpaid wages. Suriel and Bravo were under the impression they were not Plaintiffs' employers, as they believed the Co-Defendants were independent contractors retained to do a particular project, and Plaintiffs were the Co-Defendants' employees, not employees of Bravo or Suriel. While the Court is sympathetic to Bravo and Suriel and credits the truth of their misimpression, once the jury determined these Defendants are liable as Plaintiffs' employers along with the Co-Defendants, the summarized facts are insufficient to satisfy Defendants' burden of showing subjective and objective good faith.

No evidence was adduced at trial that Bravo and Suriel attempted to ascertain whether they were in compliance with wage laws. "'[G]ood faith requires some duty to investigate potential liability under [the] FLSA.'" *Friedman v. S. Fla. Psychiatric Assocs., Inc.*, 139 F. App'x 183, 186 (11th Cir. 2005) (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979)). For example, for an employer to look into the FLSA requirements some twenty years earlier and not look into them again before docking an employee's pay "does not provide an objectively reasonable basis for believing one's conduct comports with the FLSA." *Id.* Similarly here it was not objectively reasonable to simply rely on Suriel's business experience and good track record. Bravo and Suriel never spoke to a lawyer or to the Department of Labor to confirm their understanding that they were not responsible to pay overtime compensation under the FLSA. *See, e.g., Moon v. Technodent Nat., Inc.*, No. 5:06-cv-358-Orl-PCF-GRJ, 2008 WL 2117053, at *6 (M.D. Fla. May 19, 2008) (finding no evidence of an objectively reasonable belief where employer "never spoke to a lawyer or to the Department of Labor to confirm the classification" and never "conducted an 'investigation' into his responsibilities under the FLSA," notwithstanding a payroll company supervising the payroll). It

was not objectively reasonable for Bravo and Suriel to rely on Suriel's business experience and years of managing other companies in their dealings with the Co-Defendants and Plaintiffs. Similarly, on this record, it cannot be said that these Defendants showed subjective good faith, as there was no evidence that they had the honest intention to ascertain what the FLSA required and to act in accordance with the law.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Imposition of Liquidated Damages **[ECF No. 159]** is **GRANTED**. An amended final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2013.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record